COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



DICK POE MOTORS, INC.,

                           Appellant,

v.

DAIMLERCHRYSLER
CORPORATION F/K/A CHRYSLER
CORPORATION,

                           Appellee.

§

§

§

§

§

No. 08-04-00182-CV

Appeal from the

120th District Court 

of El Paso County, Texas

(TC#2001-3325)



 
O P I N I O N

           This is an appeal from the trial court’s entry of a series of orders purporting to dispose
of the matters in controversy among the parties beginning with an agreed order of dismissal
signed by the trial court on December 1, 2003 and the denial of a motion for clarification
dated February 17, 2004. Appellant filed a notice of appeal of these orders on March 18,
2004 asking this Court to determine whether the orders were appealable as final appealable
orders. We filed that notice in cause number 08-04-00080-CV and ultimately held, in a
separate opinion, that the two orders referenced were not final, appealable orders; therefore,
we dismissed that appeal.
           During the pendency of the 08-04-00080-CV appeal, the trial court received and
considered several additional motions filed by the parties. Ultimately, the trial court entered 
two orders which also purported to dispose of the matters in controversy. Appellant filed a
notice of appeal on April 30, 2004 from those orders, which was docketed by this Court as
cause number 08-04-00182-CV. Appellant complains of the trial court’s decision in nine
issues on appeal.
I. FACTUAL AND PROCEDURAL BACKGROUND
           The original lawsuit in this case arose as a result of a tragic automobile accident where
the plaintiff, Jennifer Ann Lee, as mother of Alyssa Catlin Lee, deceased, brought suit
against various corporate defendants, DaimlerChrysler Corporation, formerly known as
Chrysler Corporation (“Chrysler”), TRW, Inc. (“TRW”), and Dick Poe Motors (“Dick Poe”),
doing business as Dick Poe Chrysler Plymouth. Dick Poe filed a cross-action against
Chrysler and TRW. The underlying personal injury claims against each corporate defendant
were ultimately settled and various orders of dismissal were entered disposing of portions of
the lawsuit. The trial court signed an agreed order of dismissal on December 1, 2003 which
disposed of the claims between the plaintiff and Chrysler. The pertinent part of the order was
worded as follows:
On the date hereinafter shown, came on to be heard the Motion by
JENNIFER ANN LEE, Individually, as Independent Administratrix of the
ESTATE OF ALYSSA CATLIN LEE, a Minor, Deceased, and on Behalf of
All Wrongful Death Beneficiaries of ALYSSA CATLIN LEE, a Minor,
Deceased, Plaintiff, and DAIMLERCHRYSLER CORPORATION, f/k/a
CHRYSLER CORPORATION, Defendants, to dismiss any and all claims by
and between them in their entirety with prejudice with each party to bear its
own attorneys fees and costs for the reason that all matters in dispute between
them have been fully and finally settled. 
 
IT IS, THEREFORE, ORDERED that any and all counter-claims,
cross-claims, and any and all other claims of any type whatsoever by and
between the parties herein are dismissed in their entirety with prejudice with
each party to bear its own attorneys fees and costs. 

           SIGNED this 1 day of Dec [sic], 2003.

                                                                             /s/Luis Aguilar 
                                                                             JUDGE LUIS AGUILAR

           The order was signed, approved as to form, by Evelina Ortega, attorney for the
plaintiff, and Patrick Seyferth, attorney for Chrysler, only.
           A dispute among the parties arose over the effect of the December 1 order and Dick
Poe filed a “Motion for Clarification Regarding Order of Dismissal Between Plaintiff and
Daimlerchrysler Corporation,” specifically questioning the effect of the agreed order of
dismissal signed by the court on December 1, 2003. On February 17, 2004, the trial court
held a hearing and entered an order that stated the following:
IT IS ORDERED that Dick Poe Motor, [sic] Inc.’s Motion for
Clarification is hereby denied on the basis that Dick Poe Motor, [sic] Inc.
abandoned or waived its cross-claims against Defendants DaimlerChrysler
Corporation and TRW, Inc.
 
SIGNED on this 17 day of Feb, 2004.
 
/s/ Luis Aguilar
Judge Presiding

           On March 18, 2004, Dick Poe filed its notice of appeal, asking this Court to determine
whether the orders of December 1, 2003 and February 17, 2004 provided a final appealable
order for purposes of appeal. We filed this notice of appeal under cause number 08-04-00080-CV.


 After a review of the appellate record, we held that they did not and dismissed
that appeal.
           On February 17, 2004, before the order denying Dick Poe’s motion for clarification
was filed, Dick Poe filed a series of motions attempting to assert its cross-claims against
Chrysler. Dick Poe also filed a nonsuit of its claims against TRW. Chrysler filed responsive
motions and ultimately filed a motion to dismiss waived and/or abandoned claims and a
motion for dismissal of Dick Poe Motors, Inc.’s “Supplemental Cross-Action Against
DaimlerChrysler Corporation.” The court signed an order on March 1, 2004 purporting to
dispose of the motion for summary judgment and motion for severance filed by Dick Poe by
the following language: “The Court entered an order on February 17, 2004 finding that,
based on the record, Dick Poe Motors, Inc. had abandoned and/or waived its indemnity
claims against DaimlerChrysler Corporation and TRW, Inc. Thus, Dick Poe Motors, Inc.’s
Motion for Summary Judgment and Motion for Severance are moot.”
           The trial court held a hearing on March 5, 2004 on Dick Poe Motors, Inc.’s motion
to modify order on motion for clarification and signed an order denying the requested
clarification.
           Subsequent to the March 5, 2004 hearing, confusion about the status of the dispute
between Dick Poe and Chrysler continued. Despite the trial court’s entry of an order on
March 1, 2004 purporting to dispose of the Dick Poe motion for summary judgment as moot, 
the trial court signed an order setting a hearing on Dick Poe Motors’ motion for summary
judgment on March 8, 2004 scheduling an April 15, 2004 hearing. The flurry of motions
between the parties continued. A hearing on Chrysler’s motions to dismiss was held on April
7, 2004, and ultimately, the Court entered two orders addressing the claims of Dick Poe
against Chrysler. Both orders were signed on April 7, 2004, the first was entitled “Order
Dismissing Waived and/or Abandoned Claims” and the second was entitled “Order
Dismissing Dick Poe Motors, Inc.’s ‘Supplemental Cross-Action Against DaimlerChrysler
Corporation.’” Dick Poe filed a notice of appeal and challenges the court’s rulings raising
nine issues.
II. ISSUES ON APPEAL
           In nine issues, Dick Poe contends that the trial court erred in not allowing it to pursue
its cross-actions for indemnity and in dismissing those claims with prejudice on the grounds
of waiver or abandonment. Issue Nos. One and Three challenge the trial court’s decisions
in dismissing Dick Poe’s cross-action for want of prosecution, with prejudice. We read these
issues collectively that the trial court abused its discretion in making certain findings of facts
and issuing certain orders as included in the order dismissing waived and/or abandoned
claims, and, for the reasons stated below, reverse the trial court’s decision and remand for
further action consistent with this opinion.
           As stated previously, the procedural quagmire created by the trial court and the parties
in this case has presented this Court with a challenge requiring the extensive review of the
appellate record. Certain facts are established by the record, but the judicial gamesmanship
of the parties has created an obscure series of orders which this Court must now unravel to
determine the true status of the underlying cross-claims filed by Dick Poe against Chrysler. 
           It is clear from the record that this case was set for trial before Judge Luis Aguilar on
September 29, 2003 pursuant to a pretrial order signed February 13, 2003. The parties
participated in a mediation in early September of 2003, during which the plaintiff and the
parties agreed to a settlement of the case. Subsequent to the mediation, counsel for the
plaintiff and counsel for Dick Poe contacted the court and spoke with Judge Aguilar’s court
coordinator and advised her that the case had settled. At this juncture, the dispute among the
parties commences. Dick Poe contends that any discussions that occurred between the court
coordinator, plaintiff’s counsel, and Dick Poe’s counsel did not address, and were not
intended to address, the cross-claims that Dick Poe had asserted against Chrysler. The court
coordinator testified that she removed the case from the trial court’s docket because she
believed that all the claims among all the parties had settled. Counsel for the plaintiff
testified that she participated in a telephone conversation with the court coordinator whereby
the court coordinator was informed that the case had settled, but she did not recall any
discussion about the fact that only the claims between the plaintiff and Dick Poe had been
settled. Neither the pretrial hearing originally scheduled for September 18, 2003 nor the trial
originally scheduled for September 29, 2003 were held. Subsequent to the mediation, the
parties began circulating various letters and orders among themselves, addressing and
disposing of the various claims between the parties. As discussed previously in this opinion,
the final dismissal orders between the plaintiff and the defendants were signed on September
16, 2003, September 29, 2003, and December 1, 2003. Thereupon, the dispute about the
effect of the December 1, 2003 order commenced, culminating with the trial court’s orders
of April 7, 2004.
           Both orders purport to dispose of the Dick Poe cross-claims on the grounds of “waiver 
or abandonment” and dismiss the claims with prejudice. The order dismissing Dick Poe’s
supplemental cross-action against Chrysler also finds that the doctrine of res judicata applies
as a bar.
           The order dismissing waived and/or abandoned claims includes specific findings in
addition to the orders entered by the court. Reviewing the language of the order, we hold,
as a matter of law, that there is no legal basis for the findings as entered and reverse this
matter accordingly.
           The order contains the following findings and orders:
1. The December 1, 2003 Order of Dismissal is intended as serving as
a final order disposing of this entire case.
2. In the event that the December 1, 2003 Order cannot be construed
as a final order dismissing Dick Poe’s cross-claims against DaimlerChrysler
Corporation, the Court enters the following findings of fact and Order of
Dismissal:
a. Pursuant to an order of February 20, 2003, this entire matter,
including Dick Poe’s cross-claims, had been set for trial on September 29,
2003.
b. That the Court had made several admonishments on the record to all
counsel at the hearing on DaimlerChrysler Corporation’s Motion to Substitute
counsel on August 13, 2004. The Court made clear that this entire matter
would be settled or would go to trial on September 29, 2003 as had been
ordered in the scheduling order of February 20, 2003.
c. That prior to the trial date of September 29, 2003, Dick Poe, through
its counsel had communicated to the 120th District Court personnel that the
case had settled and had in no way communicated any suggestion that its cross-claims against DaimlerChrysler Corporation were still pending.
d. That Dick Poe failed to appear at the pre-trial hearing of September
18, 2004 to attempt to keep its cross-claims against DaimlerChrysler
Corporation pending before the Court.
e. That at no time prior to the September 29, 2003 trial date did Dick
Poe attempt to seek official relief from the trial date, despite clear
admonishments from the Court that the case would not be continued.
 
IT IS THEREFORE ORDERED that Dick Poe Motors, Inc.’s cross-claims against Defendants DaimlerChrysler Corporation and TRW, Inc. are
dismissed with prejudice.
 
IT IS FURTHER ORDERED that Dick Poe’s Motion for Summary
Judgment on its cross-claim is denied as moot. 
 
SIGNED on this 7 day of April, 2004.

                                                                             /s/ Luis Aguilar
                                                                             Honorable Judge Luis Aguilar
                                                                             120th District Court
           
           We have previously held that the order of December 1, 2003 on its face is not a final
appealable order for the reason that it does not dispose of all the claims of all the parties and
is clearly limited to the plaintiff and DaimlerChrysler Corporation. Finding number two is
equally problematic. We agree that the entire case had been set for trial on September 29,
2003 pursuant to the February 13, 2003 pretrial order of the court. We also agree with the
trial court’s finding that the judge admonished the parties on August 13, 2004


 [sic] at a
hearing held on DaimlerChrysler’s motion to substitute counsel, that the court would “not
reset this case on the condition that Counsel came in and hasn’t had time to get up to speed.” 
We also agree that prior to the trial date of September 29, 2003, Dick Poe, through its
counsel, communicated to 120th District Court personnel that the case had settled. We do
not agree that the documents filed disposed of the pending cross-claims regardless of whether
any verbal communications between the parties’ attorneys and court personnel occured. The
orders filed in this case must stand on the language contained therein.
           We note that the order of September 16, 2003 dismissing the claims between the
plaintiff and Dick Poe is specific on its face and references only the claims between the
plaintiff and Dick Poe. The order contains language “that all matters in controversy between
the Plaintiff and Dick Poe Motors, Inc., have been settled and that the above case between
the Plaintiff and Dick Poe Motors, Inc., only, should be dismissed, and that no other pending
claims shall be in any way affected by this settlement.” The order also includes the language
“that the dismissal of these claims does not affect any other pending claims in this suit.”
           The plain language of the order referenced above informs the court that other claims
are pending, though we agree that the scope of those claims is not addressed.
           Finding “d” above contends “[t]hat Dick Poe failed to appear at the pre-trial hearing
of September 18, 2004 [sic] to attempt to keep its cross-claims against DaimlerChrysler
Corporation pending before the Court.” Nothing in the record establishes that the pretrial
hearing of September 18, 2003 actually occured. In fact, the unequivocal evidence
establishes that the hearing was cancelled and no pretrial hearing occured. Dick Poe cannot
have “failed to appear” at a hearing which did not occur, as a matter of law. This finding is
clearly erroneous.
           Finding “e” finds that “at no time prior to the September 29, 2003 trial date did Dick
Poe attempt to seek official relief from the trial date, despite clear admonishments from the
Court that the case would not be continued.” This finding criticizes Dick Poe for not seeking
relief from a trial date which had been cancelled and from a trial which did not occur. Dick
Poe cannot be held to have failed to seek relief from a trial date which did not exist,
regardless of the reason. Had the court in fact called this case to trial, and had Dick Poe in
fact failed to appear or declined to pursue its claims, then the finding would be supported by
the evidence in the record. As such, we are presented with the trial court’s attempt to
sanction Dick Poe for its failures to appear at non-existent events.
           The order continues by dismissing Dick Poe’s cross-claims against defendants
DaimlerChrysler Corporation and TRW, Inc., with prejudice. It also orders that Dick Poe’s
motion for summary judgment on its cross-claim is denied as moot. We note for the record,
that Dick Poe had taken a nonsuit as to any claims against TRW on February 17, 2004. We
also note that this order appears to be duplicative of the order of March 1, 2004 denying Dick
Poe’s motion for summary judgment as moot on the grounds of waiver and abandonment. 
We must read this order with the simultaneous signed order of April 7, 2004 dismissing Dick
Poe Motors supplemental cross-action, with prejudice, on the grounds of waiver and
abandonment and on the additional grounds of res judicata. Reviewing both orders, we
attempt to discern the effect of these orders on the pending claims in order to reach a decision
in this case.
           We recognize that a trial court’s authority to dismiss for want of prosecution stems
from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court’s
inherent power. See Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.
1999); Veterans’ Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976). A trial court may
dismiss under Rule 165a on “failure of any party seeking affirmative relief to appear for any
hearing or trial of which the party had notice,” or when a case is “not disposed of within time
standards promulgated by the Supreme Court . . . .” Tex. R. Civ. P. 165a(1)-(2). In addition,
the common law vests the trial court with the inherent power to dismiss independently of the
rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.
Villarreal, 994 S.W.2d at 631; State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984).
           A party, however, must be provided with notice and an opportunity to be heard before
a court may dismiss a case for want of prosecution under either Rule 165a or its inherent
power. See Tex. R. Civ. P. 165a(1) (“[n]otice of the court’s intention to dismiss and the date
and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and
to each party not represented by an attorney”); Villarreal, 994 S.W.2d at 630. The
requirements of notice and a hearing are necessary to ensure the dismissed claimant has
received due process. Tex. Sting, Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 648 (Tex.App.--San Antonio 2002, pet. denied); Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 401
(Tex.App.--Dallas 2001, pet. denied). The failure to provide adequate notice of the trial
court’s intent to dismiss for want of prosecution requires reversal. Villarreal, 994 S.W.2d
at 630-31.
III. STANDARD OF REVIEW
           We review a dismissal for want of prosecution under a clear abuse of discretion
standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); Rotello, 671 S.W.2d at 509.
A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without
reference to guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d
721 (1986); Johnson-Snodgrass v. KTAO, Inc., 75 S.W.3d 84, 87 (Tex.App.--Fort Worth
2002, pet. dism’d).
           We hold, as a matter of law, that despite the flurry of motions and orders entered by
the trial court, none of the findings of the trial court are supported by any evidence reflected
in the record. The cross-claims filed by Dick Poe against DaimlerChrysler were not “waived
or abandoned” as a matter of law and they should not have been dismissed. Dick Poe cannot
have waived any claims related to its cross-action by failing to appear at a hearing that did
not occur. Further, in the event that the trial court had called the matter to trial, and after a
hearing, determined that the claims should be dismissed for want of prosecution, the claims
should have been dismissed without prejudice.
           Dismissal of a case with prejudice functions as a final determination on the merits.
Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam). A dismissal for want of
prosecution is not a trial on the merits, and therefore dismissal with prejudice is improper.
Maldonado v. Puente, 694 S.W.2d 86, 92 (Tex.App.--San Antonio 1985, no writ). An order
of dismissal for want of prosecution is not an adjudication of the rights of the parties; rather,
it simply places the parties in the position they were in prior to filing the suit. Melton v.
Ryander, 727 S.W.2d 299, 303 (Tex.App.--Dallas 1987, writ ref’d n.r.e.).
           Reviewing the orders as presented, we hold that the trial court’s findings entered and
orders issued constitute an abuse of discretion. We therefore affirm Dick Poe’s Issue Nos.
One and Three and reverse and remand this case to the trial court for further action consistent
with this opinion. Because our decision on these issues is dispositive of this appeal, we do
not reach Dick Poe’s remaining issues.
                                                                  RICHARD BARAJAS, Chief Justice

July 28, 2005

Before Barajas, C.J., McClure, and Chew, JJ.