Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JOHN FOX,

                                    Appellant,

v.

JOE WARDY, MAYOR, SUSAN
AUSTIN, JOSE A. LOZANO, JOHN F.
COOK, DANIEL S. POWER, PAUL J.
ESCOBAR, VIVIAN ROJAS, and
ANTHONY W. COBOS,

                                    Appellees.

§

 
§

 
§

 
§


§


No. 08-05-00402-CV

Appeal from
120th District Court

of El Paso County, Texas

(TC # 2004-5369)




 

 

 




O P I N I O N

            John Fox, appearing pro se, appeals from an order dismissing his suit against Joe Wardy,
Susan Austin, Jose A. Lozano, John F. Cook, Daniel S. Power, Paul J. Escobar, Vivian Rojas, and
Anthony W. Cobos for want of prosecution. Finding no error, we affirm.
FACTUAL SUMMARY
            On December 13, 2004, Fox filed suit alleging that he suffered damages because the Mayor
and City Council (Appellees), did not dismiss a condemnation proceeding brought by the City of
El Paso against his property. Appellees filed an answer, special exceptions, and a plea to the
jurisdiction. On June 2, 2005, the trial court set the case for a status conference hearing on June 9. 
One day before the hearing, Fox filed a motion to reschedule due to a conflict and the trial court re-set it for July 11. On that date, the trial court set Appellees’ motion for summary judgment for
hearing on August 11, and set the trial date for September 30. At Appellees’ request, the summary
judgment hearing was later rescheduled for October 6, and the trial date was moved to October 28. 
The day before the summary judgment hearing, Fox filed a motion for continuance which the trial
court set for hearing on October 13. The court orally granted Fox’s motion on October 13 and set
the pretrial hearing for October 19. The court asked Fox to prepare and submit the written order on
the continuance, but he failed to do so. When Fox failed to appear on October 19 for the final
pretrial hearing, the court set the case for dismissal for want of prosecution on October 27. Notice
was sent to Fox and counsel for Appellees. The court held the dismissal hearing on the scheduled
date but Fox failed to appear. The case was dismissed for want of prosecution on October 27, 2005. 
The court clerk sent notice of the dismissal to Fox on October 31. On December 5, 2005, thirty-nine
days after dismissal, Fox filed notice of appeal and a motion to reinstate. 
DISMISSAL FOR WANT OF PROSECUTION
            In his sole issue on appeal, Fox contends that the trial court abused its discretion by
dismissing the suit. A trial court’s authority to dismiss a case for want of prosecution is derived from
two sources: Rule 165a and the court’s inherent power to dismiss when the plaintiff fails to
prosecute the case with due diligence. Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 850 (Tex.
2004); Dick Poe Motors, Inc. v. Daimler Chrysler Corp., 169 S.W.3d 478, 484 (Tex.App.--El Paso
2005, no pet.). Rule 165a(1) authorizes dismissal when a party or its counsel fails to appear at a
hearing or trial. Tex.R.Civ.P. 165a(1). The record before us establishes that the trial court based
the dismissal on both Rule 165a(1) and its inherent power. 
            The decision to dismiss a case for want of prosecution rests within the sound discretion of
the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. See
State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984); Dick Poe Motors, 169 S.W.3d at 484. A trial
court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts
without reference to any guiding rules or principles. See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985); Dick Poe Motors, 169 S.W.3d at 484. The appellant bears the
burden of producing a record that shows the trial court abused its discretion. Simon v. York Crane
& Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex. 1987).
Affidavit Attached to Brief
            Before addressing the merits of the dismissal issue, we must consider Appellees’ complaint
regarding an affidavit attached as an exhibit to Fox’s brief. With limited exceptions not relevant
here, an appellate court may not consider matters outside the appellate record. Siefkas v. Siefkas, 902
S.W.2d 72, 74 (Tex.App.--El Paso 1995, no writ), citing Sabine Offshore Service v. City of Port
Arthur, 595 S.W.2d 840, 841 (Tex. 1979). The appellate record consists of the clerk’s record and,
if necessary to the appeal, the reporter’s record. Tex.R.App.P. 34.1. The attachment of documents
as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the
documents cannot be considered. Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex.App.--Houston
[14th Dist.] 2002, no pet.); Perry v. Kroger Stores, Store No. 119, 741 S.W.2d 533, 534 (Tex.App.--Dallas 1987, no writ). We will not consider Fox’s affidavit.
Pro Se Litigants
            Citing Hamilton v. Hamilton, 42 P.3d 1107 (Alaska 2002) and Suchta v. O.K. Rubber
Welders, Inc., 386 P.2d 931 (Wyo. 1963), Fox generally argues that he should be held to a less strict
standard because he is not an attorney. In order to prevent unfair advantage over litigants represented
by counsel, pro se litigants in Texas are held to the same standards as licensed attorneys and are
required to comply with applicable laws and procedural rules. Wheeler v. Green, 157 S.W.3d 439,
444 (Tex. 2005); Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).
Rule 165a(1)
            Rule 165a(1) authorizes the trial court to dismiss a case for want of prosecution if any party
seeking affirmative relief fails to appear for any hearing of which the party had notice. Tex.R.Civ.P.
165a(1). Notice of the court’s intention to dismiss and the date and place of the dismissal hearing
must be sent by the clerk to each attorney of record and to each party not represented by counsel. 
Id.; see Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). The
requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due
process. Tex. Sting, Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 648 (Tex.App.--San Antonio 2002, pet.
denied); Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 401 (Tex.App.--Dallas 2001, pet.
denied). At the dismissal hearing, the court shall dismiss for want of prosecution unless there is
good cause shown for the case to be maintained on the docket. Tex.R.Civ.P. 165a(1).
             Generally, the failure to provide adequate notice of the trial court’s intent to dismiss for want
of prosecution requires reversal. Villarreal, 994 S.W.2d at 630. The record contains the notice sent
by the trial court to Fox advising him of the date, time and place of the dismissal hearing.


 Fox did
not offer any evidence in the trial court showing that the notice was inadequate or that he did not
receive it.
            The trial court’s findings of fact state that Fox did not appear at the pretrial hearing on
October 19 or at the dismissal hearing on October 27. There is no evidence in the record to
contradict these findings. Because Fox did not attend the dismissal hearing, he did not establish
good cause for the case to be maintained on the docket.
            The record does not demonstrate that the trial court abused its discretion by dismissing the
suit for want of prosecution pursuant to Rule 165a(1). It is therefore unnecessary to address whether
the trial court properly dismissed the suit pursuant to its inherent power. We overrule the sole issue
raised on appeal and affirm the judgment of the trial court.

January 25, 2007                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment