Opinion filed March 8, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00205-CV

                                                    __________

 

                             TIMOTHY
W. BUCHANAN, Appellant 

 

                                                             V.

 

                                   JOHN
CLINE ET AL., Appellees



 

                                  On
Appeal from the 132nd District Court

 

                                                           Borden
County, Texas

 

          Trial Court Cause Nos. 1176-E, 1176-F, 1176-G,
1176-H, 1176-I, 1176-J, 1176-K, 

1176-L, 1176-M,
1176-N, 1176-O, 1176-P, 1176-Q, & 1176-R 

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
appeal arises from Timothy W. Buchanan’s pro se civil action filed against twelve
individuals that served on a Borden County grand jury that indicted him, the
court reporter, and the former sheriff.  The trial court entered an order of
dismissal with respect to appellant’s claims against these fourteen defendants (hereinafter
collectively referred to as “appellees”) for want of prosecution.  We affirm.

            Appellant
is an inmate in the Institutional Division of the Texas Department of Criminal
Justice. He is currently serving a sixty-year sentence for his conviction occurring
on November 1, 2000, for aggravated sexual assault of a child. 
Appellant’s conviction arose from Trial Court Cause No. 192 in the 132nd
District Court of Borden County.  This court affirmed his conviction in 2002 in
Cause No. 11-00-00368-CR.

            This
appeal concerns appellant’s indictment in Trial Court Cause No. 193.  The grand
jury indicted him for indecency with a child in Trial Court Cause No. 193.  Appellant
was never tried for the offense of indecency with a child in Trial Court Cause
No. 193 because the trial court granted the State’s motion to dismiss Trial
Court Cause No. 193 on October 29, 2007.  The State based the motion to dismiss
on the ground that “[t]he defendant was convicted in Cause Number 192 on the 1st
day of November, 2000, and was sentenced to sixty years in the Institutional
Division of the Texas Department of Criminal Justice and a $10,000.00 fine.”    Despite
the fact that Trial Court Cause No. 193 was dismissed on the State’s motion
after his conviction in the other case, appellant contends that appellees are
liable to him under a tort theory of recovery because the indictment stated the
wrong term of court.  Appellant additionally contends that appellees are liable
to him for damages because the district attorney’s brother-in-law served on the
grand jury.[1] 
Irrespective of his conviction and sixty-year sentence arising from Trial Court
Cause No. 192, appellant contends that he suffered damages as a result of the allegedly
defective indictment in Trial Court Cause No. 193 because “it could be use [sic]
against me.”

In a single issue, appellant contends that the trial court erred in
dismissing his claims against appellees.  A trial court’s authority to dismiss a case for want of prosecution is derived from two sources: Tex. R. Civ. P. 165a and the court’s
inherent power to dismiss when the plaintiff fails to prosecute the case with
due diligence.  Dick Poe Motors, Inc. v. DaimlerChrysler Corp., 169
S.W.3d 478, 484 (Tex. App.—El Paso 2005, no pet.); Johnson-Snodgrass v.
KTAO, Inc., 75 S.W.3d 84, 87 (Tex. App.—Fort Worth 2002, pet. dism’d); see
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).
 Rule 165a(1) authorizes dismissal when a party or its counsel fails to appear
at a hearing or trial.  Rule 165a(2) authorizes the court to dismiss a case
when it is not disposed of in accordance with the time standards prescribed by
the supreme court.  The record before us establishes that the court relied on
its inherent powers to dismiss a case for want of prosecution rather than Rule
165a(1) or 165a(2).  The central issue to be addressed in this case, therefore,
is whether appellant exercised due diligence.

The
decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court and can be disturbed on review only if it
amounted to a clear abuse of discretion. See State v. Rotello, 671
S.W.2d 507, 508–09 (Tex. 1984); Dick Poe Motors, 169 S.W.3d at 484. The
appellant bears the burden of producing a record that shows the trial court
abused its discretion.  Simon v. York Crane & Rigging Co., 739
S.W.2d 793, 795 (Tex. 1987).  The trial court may consider the entire history
of the case, including the amount of activity in the case, the length of time
the case was on file, requests for a trial date, and the existence of
reasonable excuses for delay.  See Bilnoski v. Pizza Inn, Inc., 858
S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ.); City of
Houston v. Malone, 828 S.W.2d 567, 568 (Tex. App.—Houston [14th Dist.]
1992, no writ).  

The trial court made the following express findings in its order of
dismissal:

1.     
Plaintiff filed his petition in this cause on
March 4, 2009;

 

2.     
Upon filing suit, Plaintiff requested service on
all Defendants;

 

3.     
At the time of filing suit, and as of the date
of this order,[2]
Plaintiff has not provided addresses for service of citation on the Defendants
listed below;

 

4.     
The Defendants listed below have not, as of the
date of this Order, been served with citation (footnote added).

 

Based upon these findings, the trial court determined that appellant
had not exercised due diligence in prosecuting his claims against defendants.  Appellant
does not dispute that, as of the date of the order of dismissal, appellees had
not been served with citation though his petition had been filed for more than two
years.  He essentially argues that his inaction should be excused because the
district clerk did not provide him with appellees’ addresses.  

Upon the filing of an original petition, the district clerk shall, when requested by
the plaintiff, issue citation and deliver the same to the plaintiff.  Tex. R. Civ. P. 99(a).  Rule 99(a)
provides, in pertinent part, that, on the filing of the petition, “the clerk,
when requested, shall forthwith issue a citation and deliver the citation as
directed by the requesting party.  The party requesting citation shall be
responsible for obtaining service of the citation and a copy of the petition” (emphasis
added).  It is the responsibility of the party requesting service to see that
service is properly accomplished.  See id.; Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 153 (Tex. 1994).  It is not the duty of the trial court clerk to seek out and locate the whereabouts of defendants for the benefit
of a plaintiff.  See In re Buggs, 166 S.W.3d 506, 508 (Tex. App.—Texarkana
2005, orig. proceeding).  As set out in Rule 99(a), this responsibility lies on
the party requesting citation.  Id.  Accordingly, the trial court did
not abuse its discretion in determining that appellant had not exercised due
diligence in obtaining service of citation on appellees. 

Appellant
presents an additional complaint that the trial court erred in severing the
claims against the individual appellees.  Trial courts have broad authority to order a severance, and their decision to do so will not be reversed on appeal
absent an abuse of discretion.  Liberty Nat’l Fire Ins. Co. v. Akin, 927
S.W.2d 627, 629 (Tex. 1996).  In this regard, the severance did not constitute
an abuse of discretion because it served the purpose of making the judgments
final with respect to the individual appellees.

Moreover,
grand jurors have absolute immunity from suit arising out of their service as
grand jurors.  Imbler v. Pachtman, 424 U.S. 409, 423 n.20 (1976); Walker
v. Skeen, 31 F. App’x 155, 2001 WL 1748354, at *1 (5th Cir. Dec. 12,
2001).  Absolute immunity is effective against all claims regardless of whether
they are lodged against the individuals possessing it in his or her official or
personal capacities.  Clawson v. Wharton County, 941 S.W.2d 267, 273
(Tex. App.—Corpus Christi 1996, writ denied).  The absolute immunity possessed
by grand jurors exists even if they acted erroneously, maliciously, wantonly,
or negligently.  See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). 
Appellant’s sole issue on appeal is overruled.

             The
judgment of the trial court is affirmed.              

 

                                                                                                PER
CURIAM

            

March 8, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]Appellant has not cited any authority supporting his
contention that the district attorney’s brother-in-law was disqualified from
serving on the grand jury.  While a prosecutor that is personally involved in
presenting an indictment is subject to challenge, there is no statutory
authority precluding a relative of a prosecutor from grand jury service.  See
Tex. Code Crim. Proc. Ann. art.
19.31(2) (West  2005).  





                [2]The
Order of Dismissal was dated July 14, 2011.