**FCLT LOANS, L.P., Appellant,**

v.

**UNITED COMMERCE CENTER, INC., Appellee.**

**No. 11–00–00315–CV.**

Court of Appeals of Texas, Eastland.

Feb. 14, 2002.

Craig Magenheim, Tom Allen, McDaniel & Allen, Houston, for appellant.

Robert F. Maris, Michael McKleroy, Maris & Lanier, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

FCLT Loans, L.P. (FCLT) sued United Commerce Center, Inc. (United) to recover a $7,381.79 credit against the price that United agreed to pay for real estate in Dallas County. The money was credited toward the purchase price based on pro-rated ad valorem taxes based on previous years taxes. The credited amount was more than the taxes, and FCLT sued United for the over credit. After one day of trial, both parties filed traditional motions for summary judgment. The trial court granted United's traditional motion for summary judgment and dismissed FCLT's case against United with prejudice. The trial court also awarded attorney fees to United. We affirm.

In two issues, FCLT urges that the trial court erred in granting United's summary judgment because the closing statements modified the purchase agreement. We will apply the well-recognized standard of review for a summary judgment. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). In deciding whether there is a disputed material fact issue, we take all evidence favorable to the non-movant as true and indulge every reasonable inference in favor of the non-movant. *American Tobacco Company, Inc. v. Grinnell*, supra at 425. When the movant has shown that he is entitled to summary judgment, the non-movant must come forward with evidence or law that precludes the summary judgment. *Star–Telegram, Inc. d/b/a Fort Worth Star–Telegram v. Doe*, 915 S.W.2d 471, 474 (Tex.1995); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979).

■ On May 12, 1993, United d/b/a Peter Tsai entered into an agreement to purchase real estate in Richardson from the Federal Deposit Insurance Corporation (FDIC). The FDIC acquired the property when it became a receiver for First City Bancorporation of Texas. The FDIC later transferred rights of the receivership, including those arising under contracts such as the agreement, to FCLT.

The sales contract, titled "Offer to Purchase Real Estate Agreement," was signed by United d/b/a Tsai and by Gary Holloway on behalf of the FDIC. Paragraph No. 14 of the sales contract provides:

> On transactions with a purchase price exceeding $5,000.00, all current ad valorem taxes assessed against the Property shall be prorated between Seller and Buyer as of the Closing Date.

Both parties admit that they agreed to the proration of the ad valorem taxes in the sales contract. Both the purchaser's closing statement and the seller's closing statement reflects that the ad valorem tax proration was $12,010.07.

In addition, Paragraph No. 21 of the sales contract provides:

> This Contract shall supercede any and all prior discussions, communications and agreements between the Seller and the Buyer, if any, with respect to the purchase of the Property and other matters contained herein, and this Contract contains the sole and entire understanding between the parties hereto with respect to the transactions contemplated herein. This Contract shall not be modified or amended except in writing executed by the Buyer and Seller.

FCLT argues that the following statement contained in both the purchaser's and seller's closing statements modifies the sales contract and requires the purchaser and seller to make adjustments if the proration of taxes proves to be inaccurate:

> Purchaser understands that tax and insurance prorations and reserves were based on figures for the preceeding year or supplied by others or estimates for current year, and in the event of any change for current year, all necessary adjustments must be made between Purchaser and Seller direct.

■ A closing statement is a release of the title company for distribution of funds; a closing statement is not an amendment of the contract of sale. The language in the closing statement is not intended to benefit the seller or the purchaser. Rather, the language is to limit the liability of the title company. Because they are not agreements between the parties in this suit, the closing statements cannot be modifications to the sales contract. Moreover, the modification of an existing contract must be based upon sufficient new consideration. *Fubar, Inc. v. Turner*, 944 S.W.2d 64, 67 (Tex.App.-Texarkana 1997, no writ), citing to *Pittman & Harrison Co. v. Knowlan Machine & Supply Co.*, 216 S.W. 678 (Tex.Civ.App.-San Antonio 1919, no writ). Here, there is no indication of any new consideration between the two parties in connection with either of the closing statements.

The summary judgment evidence does not raise a material fact question. We overrule both of FCLT's issues.

The judgment of the trial court is affirmed.