# NO. 12-12-00105-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HISTORIC LUFKIN MANOR, LLC,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *GREAT CENTRAL MORTGAGE*<br>*ACCEPTANCE CO., LTD.,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Historic Lufkin Manor, LLC (Historic Lufkin) appeals from the trial court's order dismissing its wrongful foreclosure suit for want of prosecution. In one issue, Historic Lufkin argues that the trial court abused its discretion in dismissing its suit for want of prosecution. We affirm.

## BACKGROUND

The record before us shows the following facts:

1.  February 1, 2011—Historic Lufkin filed suit against Great Central Mortgage Acceptance Co., Ltd. (Great Central) for wrongful foreclosure and trespass to try title.

2.  February 7, 2011—Great Central Mortgage was served with the suit.

3.  February 24, 2011—Great Central Mortgage filed an original answer and general denial.

4.  February 8, 2012—Great Central filed a motion to dismiss for want of prosecution.

5.  February 14, 2012—A new attorney filed a notice of appearance on behalf of Historic Lufkin.

6.  February 22, 2012—Historic Lufkin filed a first amended petition adding Sara E. Dysart, Individually; Sara E. Dysart, as Substitute Trustee for Broadway National Bank

Custodian for Self-Directed IRA Account No. 67, formerly Account No. 67308; Sara Dysart, P.C.; and Broadway National Bank Custodian for Self-Directed IRA Account No. 67, formerly Account No. 67308. None of these new parties sued by Historic Lufkin were ever served.[1]

7.    February 23, 2012—The trial court conducted a hearing on Great Central's motion to dismiss for want of prosecution. The attorneys for Historic Lufkin and Great Central were present.

8.    February 23, 2012—The trial court signed its order of dismissal for want of prosecution against Historic Lufkin.

Historic Lufkin did not request findings of fact or conclusions of law. This appeal followed

## DISMISSAL FOR WANT OF PROSECUTION

In one issue, Historic Lufkin argues that the trial court abused its discretion in granting the motion to dismiss for want of prosecution.

### Standard of Review

We review a dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *Dick Poe Motors v. DaimlerChrysler Corp*., 169 S.W.3d 478, 484 (Tex. App.—El Paso 2005, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279, 90 L. Ed. 2d 721 (1986)).

### Applicable Law

A court has the inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority. *Veteran's Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976). The central issue is whether the plaintiff exercised reasonable diligence. *MacGregor*, 941 S.W.2d at 75. The trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. *City of Houston v. Thomas*,

---

[1] The record before us does not show that Dysart, in any capacity, or Broadway National Bank, was ever served with citation. Jurisdiction of a party is dependent upon citation being issued and served in a manner provided for by law. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Because the trial court never had jurisdiction of these parties, they are not a part of the appeal before us and will not be considered further in this opinion.

838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no pet.). The complaining party has the burden to bring forth a record to support its contention. ***Tex. Mut. Ins. Co. v. Olivas***, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.). The trial court's decision will be reviewed to determine whether the litigant demonstrated good cause for not prosecuting with greater diligence. ***Id***. When the record before us does not contain findings of fact or conclusions of law, and the trial court did not specify the standard of dismissal used, we must affirm on the basis of any legal theory supported by the record. ***City of Houston v. Robinson***, 837 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

<u>Analysis</u>

Following service of citation on Great Central, Historic Lufkin did nothing in this case until Great Central filed a motion to dismiss for want of prosecution. Then, Historic Lufkin only amended its petition, adding new parties to its suit, a day before the trial court's scheduled hearing on the motion to dismiss for want of prosecution. Historic Lufkin had the burden to produce evidence at the hearing showing good cause for not prosecuting its case with greater diligence. *See **Olivas***, 323 S.W.3d at 274. Further, Historic Lufkin had the burden to bring forth a record to support its contentions on appeal. *See **id**.* However, there is no reporter's record before us of the hearing on Great Central's motion to dismiss. Therefore, we must presume that Historic Lufkin offered no reasonable excuse for its lack of diligence in prosecuting this case. *See **Allen v. Bentley Labs., Inc.***, 538 S.W.2d 857, 861 (Tex. Civ. App.–San Antonio 1976, writ ref'd n.r.e.). Because we must presume that Historic Lufkin produced no evidence of any reasonable excuse to justify its lack of diligence in prosecuting this case, we cannot say that the trial court abused its discretion in dismissing this suit for want of prosecution. *See **MacGregor***, 941 S.W.2d at 75.

We further note that dismissal of this suit does not prevent Historic Lufkin from refiling it against the same parties. *See **Thomas***, 838 S.W.2d at 298. A litigant may refile an action that has been dismissed for want of prosecution since the merits of such an action remain undecided. *See **id***. The statute of limitations for a wrongful foreclosure suit is four years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) (West 2012).

3

## DISPOSITION

Having overruled Historic Lufkin's sole issue, we *affirm* the trial court's order of dismissal.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NO. 12-12-00105-CV**

**HISTORIC LUFKIN MANOR, LLC,**
Appellant
V.
**GREAT CENTRAL MORTGAGE ACCEPTANCE CO., LTD.,**
Appellee

Appeal from the 159th Judicial District Court

of Angelina County, Texas. (Tr.Ct.No. CV-00315-11-02)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **HISTORIC LUFKIN MANOR, LLC**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*