# NO. 12-14-00071-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN MAULDIN,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *RANSOM INDUSTRIES, INC. D/B/A* *TYLER PIPE AND MCWANE, INC.,* *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kevin Mauldin appeals from the trial court's order dismissing his suit against Ransom Industries, Inc. d/b/a Tyler Pipe and McWane, Inc. for want of prosecution. In one issue, Mauldin contends that the trial court abused its discretion in dismissing his suit for want of prosecution. We affirm.

### BACKGROUND

In 2003, Mauldin joined several others in suing Ransom and McWane over their alleged improper treatment of employees, including wrongful discharge. In 2007, Mauldin and the other plaintiffs agreed with Ransom and McWane to a severance so that each plaintiff's case would be tried separately. The record provides no indication that Mauldin's case was set for trial at any point after the severance.

In 2014, the trial court provided Mauldin with notice of a dismissal for want of prosecution hearing. In its notice, the trial court informed Mauldin that it was dismissing his claims against Ransom and McWane unless Mauldin made (1) a written request for a trial setting and (2) a written motion to retain "showing good and sufficient cause" that his claims should not be dismissed for want of prosecution.

Mauldin filed a motion to retain and request for jury trial. In his motion, Mauldin claimed that he still desired to prosecute his claims against Ransom and McWane. He further stated that he had requested a jury trial setting in 2011. He also contended that he had exercised due diligence in prosecuting his claims and that he was ready for trial. Although he referenced an attachment in his motion, Mauldin did not attach any exhibits.

At the hearing on Mauldin's motion to retain, Mauldin's attorney reiterated that he had requested a jury trial setting in 2011. Mauldin's attorney also claimed that he had contacted the trial court's office regarding his request for a jury trial setting. However, he provided no proof of any additional contact with the trial court regarding the request for trial setting. At the conclusion of the hearing, the trial court dismissed Mauldin's claims against Ransom and McWane based on Mauldin's want of prosecution.

This appeal followed.

## DISMISSAL FOR WANT OF PROSECUTION

In his sole issue, Mauldin argues that the trial court abused its discretion by arbitrarily dismissing his cause of action for want of prosecution.

### Standard of Review

We review a dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 63 (Tex. 2003). A trial court acts arbitrarily and unreasonably if it could have reached only one decision, but instead reached a different one. *See Teixeira v. Hall*, 107 S.W.3d 805, 807 (Tex. App.—Texarkana 2003, no pet.). To that end, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re Sw. Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007). We may not substitute our judgment for that of the trial court. *Walker*, 111 S.W.3d at 63.

### Applicable Law

A trial court's authority to dismiss a case for want of prosecution can be based upon either (1) Texas Rule of Civil Procedure 165a or (2) the court's inherent power. *Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). As applicable to this case, under Rule 165a, a trial court may place a case on the dismissal docket when a party seeking

affirmative relief fails to comply with the time standards promulgated by the Supreme Court of Texas under its Administrative Rules. TEX. R. CIV. P. 165a(2). Rule 6.1(b) of the Rules of Judicial Administration provides that, so far as reasonably possible, civil jury cases, other than family law cases, should be disposed of within eighteen months from the appearance date. TEX. R. JUD. ADMIN. 6.1(b). A trial court shall dismiss a case placed on the dismissal docket unless there is good cause for the case to be maintained on the docket. TEX. R. CIV. P. 165a(1).

When a trial court utilizes its inherent power to dismiss a case for want of prosecution, the central issue is whether the plaintiff exercised reasonable diligence. *MacGregor*, 941 S.W.2d at 75. The trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no pet.). The complaining party has the burden to bring forth a record to support its contention. *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.). The trial court's decision will be reviewed to determine whether the litigant demonstrated good cause for not prosecuting with greater diligence. *Id*.

When the record before us does not contain findings of fact or conclusions of law, and the trial court did not specify the standard of dismissal used, we must affirm on the basis of any legal theory supported by the record. *City of Houston v. Robinson*, 837 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

## Analysis

Mauldin had the burden to produce evidence at the hearing showing good cause for not prosecuting his case with greater diligence. See *Olivas*, 323 S.W.3d at 274. To attempt to satisfy this burden, he told the trial court that, in 2011, he had requested a trial setting. He also claimed that he had contacted the trial court to follow up on the request, but he produced no proof of any follow up communications.

By the time Mauldin's case was placed on the dismissal docket, it had been pending for more than a decade. Mauldin had allowed years to go by with no activity in the case. In fact, in the last five years that the case was pending in the trial court, the only activity that Mauldin proved was a bare bones motion for a trial setting. Mauldin failed to prove good cause to keep his case on the docket. See *Olivas*, 323 S.W.3d at 274. He also failed to prove that he exercised reasonable diligence. See *MacGregor*, 941 S.W.2d at 75.

Under the record before us, the trial court did not abuse its discretion in dismissing Mauldin's case for want of prosecution under either Rule 165a(2) or its inherent powers. *See Teixeira*, 107 S.W.3d at 807. Accordingly, we overrule Mauldin's sole issue.

## DISPOSITION

Having overruled Mauldin's sole issue, we ***affirm*** the trial court's order of dismissal.

BRIAN HOYLE
Justice

Opinion delivered October 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 30, 2014

NO. 12-14-00071-CV

**KEVIN MAULDIN,**
Appellant
v.
**RANSOM INDUSTRIES, INC. D/B/A TYLER PIPE**
**AND MCWANE, INC.,**
Appellees

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 03-0046-B/C/S13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the order of dismissal.

It is therefore ORDERED, ADJUDGED and DECREED that the order of dismissal of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **KEVIN MAULDIN**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*