

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| MINERVA NAJERA, | § | No. 08-17-00011-CV |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| JOSE MARTINEZ, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2016DCV1012) |
| | § | |

## **O P I N I O N**

Minerva Najera, Appellant, sued Jose Martinez, Appellee, for personal injuries arising out of a motor vehicle collision. On appeal, Najera challenges the trial court's order dismissing her case for want of prosecution. Najera also challenges the trial court's denial of her motion for reinstatement without a hearing, and its denial of her motion to compel El Paso County to pay for the costs to complete service by publication on Martinez. We reverse and remand.

## BACKGROUND

On March 15, 2016, Najera filed an original petition against Martinez seeking compensation for personal injuries and damages suffered from a motor vehicle collision allegedly involving Martinez. With her petition, Najera also filed an uncontested, sworn "Pauper's Oath," in which she itemized her income and expenses and asserted she was unable to pay filing fees and

court costs.

On May 23, 2016, Najera filed a motion for substituted service requesting an order permitting service by leaving a copy of the citation and petition affixed to the door at 412 Kathrine Court, El Paso, Texas, or with anyone over 16 years of age found at said location. The motion described having made multiple attempts to date to effectuate personal service on Martinez without success. Attached to the motion, Najera included not only the accident report showing Martinez's address as 412 Kathrine Court, but also an affidavit from a deputy of the El Paso County Sheriff's Office who listed various dates and times from March 31, 2016, through mid-May 2016, in which personal service was attempted without success at 412 Kathrine Court and at an alternative address, 1632 Dale Douglas. On May 27, 2016, Najera supplemented her motion for substituted service to additionally include an affidavit from a private process server who was hired to serve Martinez at the hearing scheduled for a traffic citation issued to Martinez by the responding police officer on the date of the accident that is the subject of the suit. Martinez failed to appear for his hearing and service was unsuccessful. On June 9, 2016, the trial court entered a written order denying Najera's motion for substituted service without explanation and without a hearing.

On June 15, 2016, Najera next filed a motion for service of citation by publication, along with her attorney's sworn affidavit. In the motion and affidavit, Najera pointed to the fact that repeated efforts to personally serve Martinez by both the sheriff's office and the private process server had failed and attempts to locate Martinez through his insurance company and his family members had likewise proven fruitless. On June 21, 2016, the trial court granted Najera's motion for citation by publication. Thereafter, Najera's attorney corresponded at least twice with the District Clerk in early August to provide information to effectuate service of citation by

publication.

On August 18, 2016, the trial court sent Najera a document titled, "Notice of Intent to Dismiss for Want of Prosecution," pursuant to Texas Rule of Civil Procedure 165a which included a setting for a "Dismissal Hearing" on September 29, 2016, at 8:30 a.m. Six days later, on August 24, 2016, Najera filed a motion to compel El Paso County to complete service by publication by paying for the notice to be published in the local newspaper, and included argument and citation to authorities. The next day, the trial court denied Najera's motion without explanation. On August 30, 2016, Najera then filed a motion to reconsider the court's denial of her motion for substituted service and an alternative motion for substituted service pursuant to Rule 109a and requested a hearing on those motions. On September 19, 2016, the trial court also denied those motions without holding a hearing on the issue.

On September 29, 2016, when the Court called the case and requested announcements of counsel, Najera's attorney announced his presence followed by an announcement from an assistant county attorney of the El Paso County Attorney's Office who appeared without having filed an entry of appearance. The Court announced it would hear from the parties on the dismissal for want of prosecution. Both attorneys responded by arguing about their dispute pertaining to payment of fees associated with service of citation by publication. The Court then directed the attorneys to limit their argument to the issue of dismissal for want of prosecution. Najera's attorney then argued that the case should not be dismissed for want of prosecution because the record established repeated attempts to effectuate personal service on Martinez and by means of citation by publication. Najera's attorney argued the record demonstrated he was prosecuting the case with diligence but needed a ruling on his motion to compel payment of publication fees. The

3

trial court then concluded the hearing by dismissing the case for want of prosecution and entering a dismissal order for want of prosecution dated the same day. On September 30, 2016, the District Clerk filed a letter addressed to Martinez notifying him that the case had been dismissed for want of prosecution.

On October 25, 2016, Najera filed a sworn motion to reinstate the case pursuant to Rule 165a(3), and requested a hearing on that motion. Without holding a hearing on Najera's motion to reinstate, the trial court denied the motion on October 26, 2016. This appeal follows.

## DISCUSSION

In three issues, Najera appeals the trial court's orders (1) dismissing the case for want of prosecution; (2) denying her motion for reinstatement without holding a hearing pursuant to Rule 165a(3); and (3) denying her motion requesting the trial court to order El Paso County to pay for service by publication of an appropriate notice in the local newspaper, in light of Najera's affidavit of indigence.

### Dismissal for Want of Prosecution

*Standard of Review*

We will first address the issue of whether the trial court erred by dismissing the case for want of prosecution. A trial court's dismissal of a case for want of prosecution is reviewed for abuse of discretion. *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 272 (Tex. App.—El Paso 2010, no pet.) (citation omitted). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *Id*. (citation omitted). If the trial court does not specify under what ground it was exercising its authority to dismiss the case, we may affirm the trial court's ruling under any applicable theory of law. *Id.* at 274 (citation

4

omitted).

Our sister courts of appeals previously noted that multiple grounds to dismiss a case pursuant to Rule 165a exist. *See, e.g.*, *Maida v. Fire Ins. Exchange*, 990 S.W.2d 836, 841–42 (Tex. App.—Fort Worth 1999, no pet.) (citations omitted). Since the trial court's notice of dismissal and dismissal order do not specify the particular ground under Rule 165a for dismissing the case, we consider each possible ground pursuant to that rule. *See id*.

### *Dismissal Under Rule 165a(1)*

Pursuant to Rule 165a(1), a trial court is authorized to dismiss a case when a party or its counsel fails to appear at a hearing or trial. TEX. R. CIV. P. 165a(1). Here, neither the notice of dismissal nor the order of dismissal were based on this subdivision, and thus Rule 165a(1) is inapplicable. *See Maida*, 990 S.W.2d at 841.

### *Dismissal Under Rule 165a(2)*

Rule 165a(2) also allows a trial court to dismiss a case for want of diligent prosecution when a case is not "disposed of within time standards promulgated by the Supreme Court under its Administrative Rules[.]" TEX. R. CIV. P. 165a(2). This time standard states that if reasonably possible, civil jury cases filed in district courts should be disposed of within eighteen months from appearance date. *See* TEX. R. JUD. ADMIN. 6.1(b)(1), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2013). Thus, the Supreme Court has deemed eighteen months after appearance to be a reasonable time period for disposing of a case like the one before us. *See id*.; *Maida*, 990 S.W.2d at 841–42.

Here, Najera filed her original petition on March 15, 2016, and the trial court dismissed the case on September 29, 2016. As established by the record, during the time the case remained

5

pending Najera had not yet effectuated service of process despite multiple attempts and request for permission to use alternative methods from the Court. As such, the case remained pending on the court's docket for approximately six-and-a-half months from the date of filing, but the Defendant had not yet been served nor filed an appearance. Given the case remained pending far less than eighteen months, we conclude the trial court did not follow the Supreme Court's disposition guidelines in placing the case on the dismissal docket, and thus, the Court abused its discretion in dismissing it pursuant to Rule 165a(2). *See Maida*, 990 S.W.2d at 841–42 (holding that a trial court abused its discretion when it dismissed a case approximately fifteen months from appearance date because doing so did not comply with the disposition guidelines) (citing *Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex. App.—Corpus Christi 1992, no pet.)).

*Dismissal Under Inherent Authority*

Lastly, the trial court has inherent authority to dismiss a case independently of the rules of procedure when a plaintiff fails to prosecute the case with diligence. *Villarreal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999). The central issue is whether the plaintiff exercised "reasonable diligence" in prosecuting her case. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam) (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976)). Factors a trial court may consider in dismissing a case under its inherent authority include: (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for delay. *Olivas*, 323 S.W.3d at 274 (citation omitted).

Turning to the first factor, the length of time the case was on file, the record before us shows that the case was only on file for approximately five months before the trial court filed its

intent to dismiss the case for want of prosecution, and approximately six-and-a-half months before the trial court dismissed the case on that ground. Both periods are far shorter than the time standard for disposition set by the Supreme Court for district courts in civil jury cases (eighteen months from appearance date), and this factor weighs against upholding the trial court's decision. *See* TEX. R. JUD. ADMIN. 6.1(b)(1); *see also Maida*, 990 S.W.2d at 842 (case on file for seventeen months was still within the Supreme Court's disposition guideline for civil jury trials, and this factor weighed against upholding the trial court's decision to dismiss the case for want of prosecution pursuant to its inherent powers).

Concerning the extent of activity in the case, the record shows Najera engaged in repeated and consistent attempts to personally serve Martinez with process through both public and private process servers, all to no avail; this fact explains the lack of activity present in the case, as litigation could not continue until Martinez was properly served with process. Likewise, Najera filed repeated motions with the trial court to allow service of process on Martinez by alternate means, which demonstrates diligence in her attempts to prosecute her case. While Najera did not request a trial setting, we find this factor does not weigh in favor of dismissal because Martinez had not yet been served with process, and thus neither discovery nor any other activity in the case had an opportunity to commence. Finally, Najera's attempts at serving Martinez through alternate means were hampered by the trial court's unexplained denial of her motion for substituted service, which weighs against upholding the trial court's ruling.

Based on the record before us, we find that the trial court abused its discretion by dismissing the case pursuant to its inherent powers. First, the case was only on the trial court's docket for six-and-a-half months before it was dismissed, which is far shorter than the disposition

guidelines promulgated by the Supreme Court considering that even an appearance has not been entered. Second, Najera engaged in repeated and consistent efforts to serve Martinez with process and requested alternative methods. The trial court, however, acted as a barrier to the timely and efficient procedure of the case by inexplicably denying her motion for substituted service; as such, reasonable excuses exist for the delay. Based on the record before us, we find Najera was making reasonably diligent efforts to prosecute her case. *See MacGregor*, 941 S.W.2d at 75.

Although a court has broad discretion to dismiss a case for want of prosecution pursuant to its inherent authority, that discretion is not unfettered; as such, we conclude the trial court abused its discretion by dismissing Najera's case for want of prosecution based on its inherent authority. *See Maida*, 990 S.W.2d at 842–43; *In re Does 1-10*, 242 S.W.3d 805, 817 (Tex. App.—Texarkana 2007, orig. proceeding) (citation omitted).

Najera's first issue is sustained. Having sustained Najera's first issue challenging the trial court's dismissal of the case, we need not consider Najera's second issue concerning whether the trial court abused its discretion for failing to grant Najera's verified motion to reinstate the case, or its failure to hold a hearing on said motion.

### Motion Ordering El Paso County to Pay for Service by Publication

We now turn to Najera's third issue, regarding whether the trial court erred by denying her motion to compel El Paso County to pay for service of citation by publication. Counsel for the El Paso County Attorney's Office appeared at the dismissal for want of prosecution hearing, and the trial court heard brief arguments from both Najera and El Paso County on the payment for service by publication issue before redirecting the discussion toward the dismissal for want of prosecution issue. Although counsel for the El Paso County Attorney's Office did not file an

entry of appearance on behalf of El Paso County, he was able to at least partially respond to Najera's arguments on this issue during the hearing on the trial court's intent to dismiss the case for want of prosecution.

Nevertheless, we conclude that El Paso County is not a party to this appeal and was not served with Najera's notice of appeal. Since certain rights of El Paso County would be affected by our decision if we were to address Najera's third issue on the merits, El Paso County is deemed an interested party which has not had an opportunity to respond to Najera's arguments advanced in her brief. As such, we decline to address Najera's third issue on the merits at this time.

## CONCLUSION

The trial court's order dismissing the case for want of prosecution is reversed. We remand this case to the trial court for reinstatement in accordance with this opinion.


GINA M. PALAFOX, Justice

August 15, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.

9