# IN THE SUPREME COURT OF TEXAS

════════════
No. 11-0217
════════════

ROBB EVANS, RECEIVER FOR MEDIACOPY TEXAS, INC., AND INFODISC GLOBAL
HOLDING, INC., MAYNARDS INDUSTRIES (1991) INC., AND INTERNATIONAL
COMMERCIAL BANK OF CHINA, LOS ANGELES BRANCH, PETITIONERS,

v.

UNIT 82 JOINT VENTURE, FIVE STAR HOLDING COMPANY, INC.,
FIVE STAR HOLDING MANAGEMENT, L.L.C., AND
1320/1390 DON HASKINS, LTD., RESPONDENTS

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

PER CURIAM

Recently in *York v. State*, we reiterated that "'[a]n action taken in violation of the automatic [in bankruptcy] stay is void, not merely voidable.'" ___ S.W.3d ___, ___ (Tex. 2012) (quoting *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988) (per curiam)). In this case, the court of appeals, *sua sponte*, dismissed the entire proceeding as violating the automatic stay. 349 S.W.3d 42 (Tex. App.–El Paso 2010). Because the record does not support the court's decision, we reverse its judgment and remand the case to the trial court for further proceedings.

Infodisc Global Holding, Inc. ("Infodisc") and one of its subsidiaries, Mediacopy Texas, Inc. ("M-TX"), defaulted on a loan from International Commercial Bank of China ("the Bank"). A California court placed the borrowers in receivership to liquidate their assets securing the loan, and an ancillary receivership was opened in Texas, the case now before us. Meanwhile, another Infodisc subsidiary, Mediacopy, Inc., a California corporation ("M-CA"), declared bankruptcy, and that proceeding remained pending at all times material to this case.

The receiver claimed and sold property in an El Paso warehouse that the Landlord[1] alleges was not leased to Infodisc or M-TX but to M-CA. The parties dispute who the tenant was and who owned the property and fixtures in the warehouse. The Bank asserts that Infodisc, M-TX, and M-CA all leased the warehouse, and that M-TX owned all the property at the warehouse and operated its business there. The Landlord contends that only M-CA leased the warehouse, that there is no evidence that Infodisc or M-TX owned any of the warehouse property, and that it may have belonged to M-CA. The Landlord claims the warehouse property as fixtures and in satisfaction of its claims against the tenant.

After the trial court rejected almost all of the Landlord's claims, Landlord appealed. Although M-CA was not a party to the case, and no party had questioned whether the receivership proceedings impacted M-CA's bankruptcy, the court of appeals held that the proceedings violated the automatic stay, which prohibits "any act to obtain possession of property of the estate or of property from the [bankruptcy] estate or to exercise control over property of the estate," or "any act

_____

[1] "Landlord" refers to respondents and claimants below, Unit 82 Joint Venture, Five Star Holding Company, Inc., Five Star Holding Management, L.L.C. and 1320/1390 Don Haskins, Ltd.

2

to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(3), (4). Accordingly, the court vacated the trial court's judgment and dismissed the case.

There is evidence that M-CA had an interest in the warehouse property, but there is also evidence it did not. The automatic stay may apply, or it may not, and because a violation of the automatic stay was not asserted in the trial court, the conflict in the evidence was not resolved. The court of appeals appears to have been of the view that only the bankruptcy court could resolve the issue. But any limitations the automatic stay may have imposed on these proceedings cannot simply be hypothesized by the court of appeals *sua sponte*. The parties should have had an opportunity to develop a record to support their positions and seek a ruling from the trial court, even if it should turn out that only the bankruptcy court can finally decide the issue. This is especially true, given that none of the parties raised the issue in the bankruptcy court, and the M-CA bankruptcy was dismissed before the trial court rendered judgment in this case.

Accordingly, we grant the petition for review,[2] and without hearing oral argument, reverse the judgment of the court of appeals. TEX. R. APP. P. 59.1. That court should have abated the appeal to allow the application of the automatic stay to be determined by the trial court in the first instance. Rather than remand the case to the court of appeals for that purpose, we think it more expeditious to remand the case ourselves to the trial court for further proceedings.

Opinion delivered: August 31, 2012

---

[2] Petitioners are the receiver for Infodisc and M-TX, Robb Evans; the auctioneer who liquidated the warehouse property, Maynards Industries (1991) Inc.; and the Bank.