

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00178-CV

**IN THE ESTATE OF** Aminta **PEREZ-MUZZA**

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2007PB7000089-L2
Honorable Jesus Garza, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  March 13, 2013

REVERSED AND REMANDED

This appeal arises from an order entered by the trial court dismissing the underlying cause "pursuant to the Court's inherent powers under Rule 165a." Appellant, Veronica Peña, asserts four issues in her brief, but we focus our attention on her first issue which asserts that the trial court failed to provide adequate notice of the trial court's intent to dismiss. Because our decision on this issue is dispositive, and costs will be assessed against the appellee, Rolando Peña, we need not address the remaining issues. *See* TEX. R. APP. P. 47.1 (written opinion need address only issues necessary to final disposition).

### BACKGROUND

Although it appears that the underlying cause has a somewhat tortured procedural history since Veronica initially filed her will contest in December of 2009, we focus our attention on the

events relevant to the trial court's dismissal and the notice given thereof. On January 27, 2012, the trial court signed an order setting a hearing on Proponent's Second Amended Original Answer, Special Exceptions and Affirmative Defenses (the "estoppel motion") for February 15, 2012. On February 7, 2012, Veronica filed a motion to compel Rolando's responses to discovery. On February 22, 2012, the trial court called a hearing on the motion to compel. At the beginning of the hearing, the clerk of the court clarified that the hearing on the estoppel motion also had been rescheduled to be heard that day. Accordingly, the hearing was called for both the estoppel motion and the motion to compel.

Veronica's attorney announced that he received supplemental discovery responses the day before the hearing and requested to pass the motion to compel to the next setting. Veronica's attorney further announced that Rolando's attorney also had informed him that he was gathering additional discovery materials that would be produced. Based on these announcements, the trial court reset the hearing for both motions to March 14, 2012.

On March 14, 2012, the trial court called the case for the reset hearing. Rolando's attorney informed the trial court that he had subpoenaed Veronica to testify at the hearing with regard to Rolando's affirmative defense of estoppel. The estoppel defense was premised on the argument that Veronica received benefits under the will and should be estopped from contesting it. When the trial court inquired what Rolando's attorney was requesting since Veronica was not present at the hearing, Rolando's attorney requested that the underlying cause be dismissed for lack of prosecution. Veronica's attorney responded that Rolando's discovery responses reflect that Veronica did not receive any benefits under the will. With regard to funds Veronica received from a payable on death certificate of deposit, Veronica's attorney stated that the funds did not pass under the will. The trial court asserted that Veronica's testimony was necessary to determine the validity of Rolando's estoppel defense, and stated, "Now, if you don't want me to

dismiss this case, then, what other alternative does this Court have to force your client to come to court or to get the information?" Veronica's attorney responded that Veronica "never received any notice that there's a possibility of dismissal." Rolando's attorney again requested that the court "dismiss this case for lack of prosecution under the Court's inherent power to dismiss for failure to prosecute." The trial court concluded the hearing by stating Veronica would be given the opportunity to file a motion requesting a continuance, and Rolando would be given the opportunity to file a motion to dismiss, before the trial court made a ruling.

Veronica filed a motion for continuance on March 14, 2012, the same day but after the hearing was held. Rolando filed a motion to dismiss on March 19, 2012. Without any further hearing, the trial court signed an order on March 19, 2012, dismissing the underlying cause "pursuant to the Court's inherent powers under Rule 165a." Veronica did not file a motion to reinstate.

## DISCUSSION

"[B]efore a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority," "a party must be provided with notice and an opportunity to be heard." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); TEX. R. CIV. P. 165a. "The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Villarreal*, 994 S.W.2d at 630. The record in this case clearly establishes that Veronica did not receive any notice of the trial court's intent to dismiss under Rule 165a, because no notice was ever sent.

Rolando argues that Veronica waived her due process argument because she received notice of the dismissal in time to file a motion to reinstate, but she failed to do so. The language used by the Houston court in *Wright v. Tex. Dept. of Crim. Justice-Inst. Div.*, 137 S.W.3d 693, 695 (Tex. App.—Houston [1st Dist.] 2004, no pet.), which is cited in Rolando's brief, does

appear to support Rolando's contention. In *Wright*, the court held "that, when an appellant has the time and opportunity to file a motion for reinstatement that could raise a claimed error, he waives any due process rights if he fails to file such motion." 137 S.W.3d at 695. This language, however, is contrary to the overwhelming weight of the authority discussing how a due process violation can be cured through a motion to reinstate.

In *Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648-49 (Tex. App.—San Antonio 2002, pet. denied), this court held that a due process violation based on a trial court's failure to provide proper notice of its intent to dismiss a case can be cured if the party whose case is dismissed files a verified motion to reinstate and is provided with a post-dismissal hearing. As one of our sister courts recently explained:

> Courts that have addressed this issue, including this Court, have uniformly held that when the trial court holds a hearing on a motion to reinstate while the court had full control of its judgment, and the dismissed party thereby receives the same hearing with the same burden of proof it would have had before the order of dismissal was signed, no harmful error is shown. Likewise, the motion to reinstate ensures that the dismissed party has received due process, because participation in the reinstatement hearing (as here) cures any due process concerns. We conclude the post-dismissal hearing rendered any error by the trial court harmless.

*Welborn v. Ferrell Enters., Inc.*, 376 s.W.3d 902, 905-06 (Tex. App.—Dallas 2012, no pet.). Apart from the language in *Wright*, the other cases cited in Rolando's brief are in accord with the holding that both a motion to reinstate and a post-dismissal hearing are required to cure the absence of proper notice of a trial court's intent to dismiss. *See, e.g. Unit 82 Joint Venture v. Int'l Commercial Bank of China, Los Angeles Branch*, 359 S.W.3d 267, 271 (Tex. App.—El Paso 2011), *rev'd on other grounds*, 377 S.W.3d 694 (Tex. 2012) ("the due process violation is cured if the claimant receives the actual order of dismissal in time to file a motion to reinstate, and has an opportunity to be heard on the motion"); *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 273 (Tex. App.—El Paso 2010, no pet.) ("a motion to reinstate with the opportunity for a

hearing cures the due process violations"); *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5-6 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (no abuse of discretion where motion to reinstate was filed and record contained no indication that movant did not have an opportunity to be heard); *Polk v. Southwest Crossing Homeowners Ass'n*, 165 S.W.3d 89, 95 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (hearing on motion to reinstate cured the lack of notice and hearing on motion to dismiss). Moreover, we note that the Houston court, which authored *Wright*, followed the general rule requiring a motion to reinstate and a post-dismissal hearing in at least one subsequent opinion. *See Chambers v. O'Quinn*, 305 S.W.3d 141, 153 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("Even assuming that appellants received no notice of the trial court's intention to dismiss their suit for want of prosecution, we hold that any such error was harmless because appellants were given an opportunity to be heard on their motion to reinstate, filed after the dismissal for want of prosecution. … If a party receives the same hearing before the trial court that it would have had before the dismissal was signed, no harmful error is committed.").

With regard to Rolando's general contention that Veronica was required to file a motion to reinstate, we disagree. "No authority supports appellee's contention that a motion to reinstate must be filed in order to perfect appeal from a dismissal for want of prosecution." *Hosey v. County of Victoria*, 832 S.W.2d 701, 703 (Tex. App.—Corpus Christi 1992, no pet.); *see also Irizarry v. Jones*, No. 12-01-00323-CV, 2002 WL 2025040, at \*2 (Tex. App.—Tyler Aug. 30, 2002, pet. denied) ("Although a motion to reinstate is not required for appeal, it may be used to develop facts not otherwise in the record.") (not designated for publication); *McIntosh v. Gamblin*, No. 08-00-00058-CV, 2002 WL 228810, at \*2 (Tex. App.—El Paso Feb. 14, 2002, no pet.) (same) (not designated for publication); *Pollard v. Pollard*, No. 03-00-00393-CV, 2000 WL 1759437, at \*2 (Tex. App.—Austin Nov. 30, 2000, no pet.) (same) (not designated for

publication); *Maida v. Fire Ins. Exchange*, 990 S.W.2d 836, 838 n.1 (Tex. App.—Fort Worth 1999, no pet.) (noting motion to reinstate is not a prerequisite for appeal); *but see Woodberry v. J.C. Penny ex rel. Eckerd Drug*, No. 05-05-01552-CV, 2006 WL 2062945, at *3 (Tex. App.— Dallas July 26, 2006, pet. denied) ("Although a motion for reinstatement may not be a prerequisite to challenging a dismissal on appeal, if facts outside the existing record are necessary to establish that dismissal was improper, then a motion to reinstate and a hearing would be required to develop those facts.") (mem. op.).

## CONCLUSION

Because Veronica did not receive proper notice of the trial court's intent to dismiss and the filing of a motion to reinstate is not a prerequisite to her appeal, we reverse the trial court's order and remand the cause to the trial court for further proceedings.

Karen Angelini, Justice