**Affirmed and Memorandum Opinion filed March 27, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01088-CV

**REMOTE CONTROL HOBBIES, L.L.C. A/K/A AND D/B/A REMOTE CONTROL HOBBIES, Appellant**

**V.**

**AIRBORNE FREIGHT CORPORATION D/B/A AIRBORNE EXPRESS SUCCESSOR BY MERGER TO DHL EXPRESS, Appellee**

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 829934-401**

## M E M O R A N D U M   O P I N I O N

In two issues, Remote Control Hobbies, L.L.C. A/K/A and D/B/A Remote Control Hobbies contends the trial court erred by granting Airborne Freight Corporation D/B/A Airborne Express Successor by Merger to DHL Express's application for a turnover order and appointment of receiver. We affirm.

# I. BACKGROUND

On October 28, 2005, the trial court rendered default judgment in favor of Airborne Freight and against Remote Control. Airborne Freight ostensibly served process on Remote Control by substitute service on the Texas Secretary of State. The default judgment expressed that Remote Control failed to appear or answer "though duly served with process." The trial court awarded Airborne Freight liquidated damages of $12,363.92, attorney's fees of $4,120, and pre-judgment interest.

In November 2012, Airborne Freight filed with the same trial court an application for a turnover order and appointment of a receiver, contending that Airborne Freight had made a good-faith but unsuccessful effort to collect amounts awarded in the default judgment.

Cherilynn Mitchell[1] filed a response to Airborne Freight's application, arguing that Airborne Freight brought its application in the wrong court and county. In support, Mitchell attached an undated document purporting to be from the Texas Secretary of State, reflecting Remote Control's address is in Beaumont and that Remote Control's agent is Mitchell, who is located at the same Beaumont address. Mitchell did not argue that the underlying default judgment was void.

The trial court signed an order granting Airborne Freight's application, ordering Remote Control to turn over certain property to a receiver. Remote Control timely appealed the order. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam) ("[A] turnover order is a final, appealable judgment.").

---

[1] Apparently, Mitchell is an agent of Remote Control. Although Mitchell filed this response in her individual capacity, we will assume, *arguendo*, that Remote Control brought the response.

2

## II. Underlying Default Judgment

In its first issue, Remote Control argues the trial court's turnover order is void because the underlying default judgment is void due to improper service of process. Remote Control supports this argument with citations, officers' returns, and other documents attached to its brief but not part of our appellate record. Similarly, Airborne Freight attaches documents to its brief that are not part of our record. Remote Control argues that the documents prove it was not served citation in conformity with the law, rendering the default judgment void. Airborne Freight argues the documents prove that it followed the applicable law for serving citation on Remote Control, and any problems with service stemmed from Remote Control's own failure to update its information with the Secretary of State.

Procedurally speaking, Remote Control is collaterally attacking, for the first time on appeal, the 2005 default judgment. A void judgment may be collaterally attacked at any time. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). A judgment is void and may be challenged by a collateral attack regarding lack of personal jurisdiction when the failure to establish personal jurisdiction violates due process. *Id.* at 273 (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988)). In a collateral-attack proceeding, we presume the judgment is valid unless the record affirmatively establishes a jurisdictional defect. *Id.* We may look beyond the face of the judgment to determine whether the record affirmatively demonstrates that the trial court lacked personal jurisdiction. *Id.*

Generally, an appellate court may not consider documents attached to an appellate brief that are not part of the appellate record. *Ramex Constr. Co. v. Tamcon Servs., Inc.*, 29 S.W.3d 135, 138 (Tex. App.—Houston [14th Dist.] 2000, no pet.). However, "Each court of appeals may, on affidavit or otherwise, as the

court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction." Tex. Gov't Code Ann. § 22.220(c) (West Supp. 2013).

We decline to consider Remote Control's jurisdiction-implicating collateral attack based on documents attached to the briefing but not in our record. *See Southern Ins. Co. v. Brewster*, 249 S.W.3d 6, 14 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Under these circumstances, well-settled law compels that we decline to exercise the authority granted us by section 22.220(c) of the Government Code to consider matters beyond the record in ascertaining our jurisdiction.").[2] Remote Control bore the burden of presenting us with a record affirmatively demonstrating that the default judgment is void. *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994) ("Because this is a collateral attack, USA Custom must show that the *nihil dicit* judgment is void."). Accordingly, we continue to presume the default judgment is valid. We overrule Remote Control's first issue.

---

[2] Because Remote Control did not raise its collateral attack in the trial court, the parties did not develop a record regarding whether any purported defects in service of process rose to the level of a due process violation. We recognize it has long been held that evidence of matters outside the record of the proceeding being challenged will not be considered in a collateral attack unless the challenge asserts that the court had no possible power to grant the order. *See Bandy v. First State Bank, Overton, Tex.*, 835 S.W.2d 609, 614 (Tex. 1992); *see also Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (quoting *White v. White*, 142 Tex. 499, 179 S.W.2d 503, 506 (1944)). In 2012, the supreme court questioned the continued viability of the rule barring extrinsic evidence in collateral attacks but did not overrule this precedent. *York v. State*, 373 S.W.3d 32, 42 (Tex. 2012). However, more recently in *Rivera*, the supreme court denied the defendant's collateral attack, considering summary-judgment evidence presented by the parties and apparently not part of the record for the underlying judgment. 379 S.W.3d at 274–75 & n.13; *see also PNS Stores, Inc. v. Rivera*, 325 S.W.3d 265, 271–72, 279–82 (Tex. App.—San Antonio 2010), *rev'd*, 379 S.W.3d 267 (Tex. 2012). We do not consider whether the supreme court has overruled its precedent limiting when extrinsic evidence may be presented in a collateral attack.

## III. JURISDICTION AND VENUE

In its second issue, Remote Control argues Airborne Freight brought its turnover application in the wrong court and county. Pursuant to Section 31.002 of the Civil Practice and Remedies Code, Airborne Freight brought its application in the same Harris County county civil court at law that rendered the default judgment. Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 2008). However, relying on sections 11.401 and 11.402 of the Business Organizations Code, Remote Control contends a district court in Jefferson County, where Remote Control's registered office or principal place of business is purportedly located, was the proper court and venue.

Under section 11.401, "A receiver may be appointed for a domestic entity or for a domestic entity's property or business only as provided for and on the conditions set forth in this code." Tex. Bus. Orgs. Ann. § 11.401 (West 2012). Section 11.402 provides,

> (a) A court that has subject matter jurisdiction over specific property of a domestic or foreign entity that is located in this state and is involved in litigation has jurisdiction to appoint a receiver for that property as provided by Section 11.403.
>
> (b) A district court in the county in which the registered office or principal place of business of a domestic entity is located has jurisdiction to:
>
>> (1) appoint a receiver for the property and business of a domestic entity for the purpose of rehabilitating the entity as provided by Section 11.404; or
>>
>> (2) order the liquidation of the property and business of a domestic entity and appoint a receiver to effect that liquidation as provided by Section 11.405.

*Id.* § 11.402 (West 2012).

5

These statutes apply to the winding up and termination of Texas entities, not a trial court's jurisdiction to appoint receivers regarding the trial court's own judgments. Under these statutes, a party may request appointment of a receiver to effect rehabilitation or liquidation of an entity. *See id.* §§ 11.402, .404, .405 (West 2012); *Chapa v. Chapa*, No. 04-12-00519-CV, 2012 WL 6728242, at *4 (Tex. App.—San Antonio Dec. 28, 2012, no pet.) (mem. op.). Airborne Freight is not seeking such relief. *See Hydroscience Techs., Inc. v. Hydroscience, Inc.*, No. 05-11-01536-CV, 2012 WL 1882204, at *2 (Tex. App.—Dallas May 22, 2012, no pet.) (mem. op.) (holding section 11.404 did not apply because movant did not seek receiver to rehabilitate entity); *Genssler v. Harris Cnty.*, No. 01-10-00593-CV, --- S.W.3d ----, 2010 WL 3928550, at *7 (Tex. App.—Houston [1st Dist.] Oct. 7, 2010, no pet.) (holding section 11.405 did not apply because movant did not seek receiver to liquidate an entity).

Remote Control also cites section 64.071 of the Civil Practice and Remedies Code: "An action to have a receiver appointed for a corporation with property in this state shall be brought in the county in which the principal office of the corporation is located." Tex. Civ. Prac. & Rem. Code Ann. § 64.071 (West 2008). However, the requirements of Chapter 64 are not applicable in a post-judgment application for turnover and a receivership brought pursuant to section 31.002. *See Schultz v. Cadle Co.*, 825 S.W.2d 151, 154–55 (Tex. App.—Dallas 1992) (holding requirements of Chapter 64 inapplicable because section 31.002 governed), *writ denied*, 852 S.W.2d 499 (Tex. 1993) (per curiam); *Holland v. Alker*, No. 01-05-00666-CV, 2006 WL 1041785, at *7 (Tex. App.—Houston [1st Dist.] Apr. 20, 2006, pet. denied) (mem. op.) (same); *see also Unit 82 Joint Venture v. Mediacopy Tex., Inc.*, 349 S.W.3d 42, 45 n.2 (Tex. App.—El Paso 2010), *rev'd on other grounds*, 377 S.W.3d 694 (Tex. 2012).

Under section 31.002,

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

  (1) cannot readily be attached or levied on by ordinary legal process; and

  (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

  (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

  (2) otherwise apply the property to the satisfaction of the judgment; or

  (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(c) The court may enforce the order by contempt proceedings or by other appropriate means in the event of refusal or disobedience.

(d) The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.

Tex. Civ. Prac. & Rem. Code Ann. § 31.002.

Subsections (a) and (b) provide that a judgment creditor is entitled to aid from a court of appropriate jurisdiction, including a turnover order and appointment of a receiver. *Id.* § 31.002(a), (b). Subsection (d) indicates that the judgment creditor's application for assistance may be brought in the same proceeding in which the judgment is rendered or an independent proceeding. *Id.* § 31.002(d). Thus, a judgment creditor may bring an application under section

7

31.002 in the same court which rendered the underlying judgment. *See In re Watson*, No. 02-05-00342-CV, 2005 WL 2838513, at \*2 (Tex. App.—Fort Worth Oct. 27, 2005, orig. proceeding) (per curiam) (mem. op.); *see also Haden v. David J. Sacks, P.C.*, 332 S.W.3d 523, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (explaining that, before bankruptcy proceedings commenced, "court of appropriate jurisdiction" was the trial court that rendered judgment).

Airborne Freight properly brought its application for a turnover order and receiver in the same court that rendered the underlying default judgment. We overrule Remote Control's second issue.

We affirm the trial court's turnover order.


/s/     John Donovan
        Justice


Panel consists of Justices Christopher, Donovan, and Brown.