**Tokes ADELEYE, Appellant**

v.

**Margaret Modupe DRISCAL, Appellee**

**NO. 14–14–00822–CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Substitute Opinion filed April 28, 2016

Tokes Adleye, Stone Mountain, GA, for appellant.

Theodore Haynes Jr., Houston, TX, for appellee.

Panel consists of Justices Jamison, McCally, and Wise.

**SUBSTITUTE OPINION**

Martha Hill Jamison, Justice

We issued our original opinion and judgment in this case on March 8, 2016. Ap-

pellant Tokes Adeleye subsequently filed a motion for rehearing in which he indicated that he had filed for bankruptcy prior to the initiation of this divorce action in the trial court. We grant the motion for rehearing, withdraw our prior opinion and judgment, and issue this substitute opinion in their place. We further abate the appeal and remand the case to the trial court for a determination as to whether an automatic bankruptcy stay barred the proceedings in this case.

In his motion, Adeleye stated that he filed for Chapter 13 bankruptcy in Atlanta, Georgia on January 1, 2013 and the bankruptcy was not discharged until July 10, 2015. Appellee Margaret Modupe Driscal filed the petition for divorce in this case on November 1, 2013, and the trial court signed the final decree on October 9, 2014. Thus, the entirety of the divorce proceedings appear to have occurred during the pendency of the bankruptcy proceedings. Adeleye has additionally provided the case number for the bankruptcy proceeding and cited a portion of the reporter's record from the proceedings below wherein he informed the trial court of the pending bankruptcy action.[1]

 The filing of a bankruptcy petition automatically stays:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a

claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C.A. § 362(a)(1). The stay applies automatically whether or not a party to the stayed action or the court in which the stayed action is filed learns of the bankruptcy prior to taking action against the debtor. *In re Small*, 286 S.W.3d 525, 530 (Tex.App.–Houston [14th Dist.] 2009, orig. proceeding); *Darr v. Altman*, 20 S.W.3d 802, 806–07 (Tex.App.–Houston [14th Dist.] 2000, no pet.). The stay specifically applies to divorce proceedings at least to the extent they seek to divide the marital estate. *See* 11 U.S.C. § 362(b)(2)(A)(iv). The stay abates any judicial proceeding against the debtor, depriving state courts of jurisdiction over the debtor and his property until the stay is lifted or modified. *In re Small*, 286 S.W.3d at 530. Any action taken in violation of the stay is void, not merely voidable. *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex.1992); *In re Small*, 286 S.W.3d at 530; *see also York v. State*, 373 S.W.3d 32, 42 (Tex.2012) ("As a matter of Texas law, a state court has no power to render a judgment in violation of the automatic stay under fundamental, constitutional law...."). Because a judgment or decree entered in violation of the stay is void for lack of jurisdiction, it constitutes fundamental error that can be raised for the first time on appeal, even sua sponte by the appellate court. *Houston Pipeline Co., LP v. Bank of Am., N.A.*, 213 S.W.3d 418, 429 (Tex. App.–Houston [1st Dist.] 2006, no pet.).

---

1. Under Rule 8.1 of the Texas Rules of Appellate Procedure, any party may file a notice of bankruptcy in a pending appeal by providing the bankrupt party's name, the court in which the proceeding is pending, the case number and style of the case, and the date on which the bankruptcy petition was filed. Tex.R.App. P. 8.1. Although Adeleye's motion generally meets the requirements of this rule, the rule appears geared toward the situation occurring when a bankruptcy petition is filed during pendency of an appeal. Here, the bankruptcy petition was allegedly filed before the divorce petition; thus, as will be discussed, the trial court may never have obtained jurisdiction over the case and may have been without authority to act in light of the automatic bankruptcy stay.

■ Adeleye has provided information indicating that he filed a bankruptcy petition that created an automatic stay preventing any proceedings in this case. However, because the existence of the automatic stay was not explored in the trial court, questions remain regarding whether the alleged stay prohibited the proceedings in this case. As the Texas Supreme Court has explained, "any limitations the automatic stay may have imposed on these proceedings cannot simply be hypothesized by the court of appeals sua sponte." *Evans v. Unit 82 Joint Venture*, 377 S.W.3d 694, 695 (Tex.2012). "The parties should have ... an opportunity to develop a record to support their positions and seek a ruling from the trial court...." *Id.*

Accordingly, we grant Adeleye's motion for rehearing, abate the appeal, and remand this case to the trial court for proceedings in accordance with this opinion.