**Abatement Order filed July 19, 2018**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-18-00521-CV

———————

### MICHAEL MCCANN, Appellant

### V.

### SPENCER PLANTATION INVESTMENTS, LTD., Appellee

---

**On Appeal from County Court at Law No. 1 & Probate Court**
**Brazoria County, Texas**
**Trial Court Cause No. CI52465**

---

## ABATEMENT ORDER

This is an appeal from a judgment signed June 1, 2018. Appellant filed a notice of appeal on June 11, 2018. We sent notice to appellant on July 9, 2018, that the appellate filing fee was past due.

In response to that notice, appellant filed a letter in this court on July 13, 2018, in which he disclosed that he had filed a petition for voluntary bankruptcy in the U.S. Bankruptcy Court of the Southern District of Texas on June 6, 2018—**before** he filed the notice of appeal. The bankruptcy case is No. 18-33152, *In re Michael Andrew McCann* (Bankr. S.D. Tex.). He further wrote, "It is my belief that all actions are

stayed during bankruptcy."

A bankruptcy suspends the appeal from the date when the bankruptcy petition is filed, regardless of when the court of appeals learned about the bankruptcy. *Adeleye v. Driscal*, 488 S.W.3d 498, 499 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The appeal remains suspended until the appellate court reinstates the appeal in accordance with federal law. Tex. R. App. P. 8.2.[1]

Accordingly, we **ORDER** the appeal abated.

When a case has been suspended by a bankruptcy filing, a party may move the appellate court to reinstate the appeal if permitted by federal law or the bankruptcy court. Tex. R. App. P. 8.3. If the bankruptcy court has lifted or terminated the stay, a certified copy of the order must be attached to the motion. *Id.* A party filing a motion to reinstate shall specify what further action, if any, is required from this court when the appeal is reinstated. *See* Tex. R. App. P. 10.1(a).

For administrative purposes only, and without surrendering jurisdiction, the appeal is abated and treated as a closed case until further order of this court.

PER CURIAM

---

[1] At the time appellant filed his petition, the 30-day period to file his notice of appeal had not expired. *See* Tex. R. App. P. 26.1. "A period that begins to run and had not expired at the time the proceeding was suspended begins anew when the proceeding is reinstated or severed under [Rule] 8.3." Tex. R. App. P. 8.2. Accordingly, the 30-day period in which to appeal will restart if and when the appeal is reinstated. In light of Rule 8.2, it is unclear why appellant filed his notice of appeal after the bankruptcy stay went into effect. It is also unclear why appellant did not notify this court that he had petitioned for bankruptcy. *See* Tex. R. App. P. 8.1.