

# NUMBER 13-22-00211-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CHRIS HOLT,**                                                                      **Appellant,**

**v.**

**KIM GRIGG,**                                                                      **Appellee.**

### On appeal from the 117th District Court of Nueces County, Texas.

# ORDER

### Before Justices Benavides, Hinojosa, and Silva
### Order Per Curiam

On July 7, 2022, this Court dismissed this appeal. *See Holt v. Grigg*, No. 13-22-00211-CV, 2022 WL 2513514, at *1 (Tex. App.—Corpus Christi–Edinburg July 7, 2022, no pet. h.) (mem. op.). Appellant Chris Holt, proceeding pro se, has now filed a second amended motion to reinstate the appeal. Appellant contends that we dismissed the appeal because he failed to pay the filing fee, however, "the dismissal was erroneous as

[a]ppellant is exempt from the fee." Appellant has also filed an amended docketing statement in which he references a pending bankruptcy. Appellant asserts that his "bankruptcy will not impact the appeal as the matters are exempt from the automatic stay and further, have been specifically exempted by a ruling from the bankruptcy court pertaining to matters of the modification proceeding on or around June 26, 2021." We take judicial notice that in a separate appeal filed by appellant in our appellate cause number 13-22-00043-CV, *In the Interest of J.H., C.H., J.H., and N.H., Children*, appellant's opposing counsel has identified at least two pending bankruptcy proceedings in which appellant or an entity associated with appellant are parties.

Under the United States Bankruptcy Code, the filing of a bankruptcy petition automatically stays:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C.A. § 362(a)(1). The automatic stay applies to other litigation even if the trial court or the parties to the other litigation did not learn of the bankruptcy prior to taking action against the debtor. *Adeleye v. Driscal*, 488 S.W.3d 498, 499 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *In re Small*, 286 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). Further, the stay applies to divorce proceedings to the extent they seek to determine the division of estate property. *See* 11 U.S.C.A § 362(b)(2)(A)(iv); *Adeleye*, 488 S.W.3d at 499. The stay abates any judicial proceeding against the debtor, and state courts lack jurisdiction over the debtor and his property until the stay is lifted or

2

modified. *See Adeleye*, 488 S.W.3d at 499; *In re Small*, 286 S.W.3d at 530. Any action taken in violation of the stay is void. *See York v. State*, 373 S.W.3d 32, 39–40 (Tex. 2012); *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992) (order) (per curiam); *Adeleye*, 488 S.W.3d at 499; *In re Small*, 286 S.W.3d at 530. Because a judgment or decree entered in violation of the stay is void, it constitutes fundamental error that can be raised for the first time on appeal and can be raised sua sponte by the appellate court. *See Adeleye*, 488 S.W.3d at 499; *Houston Pipeline Co. v. Bank of Am., N.A.*, 213 S.W.3d 418, 429 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant has provided information indicating that he filed a bankruptcy petition that may have created an automatic stay preventing any proceedings in this case. However, because we cannot determine whether the existence of the automatic stay was explored in the trial court, questions remain regarding whether the alleged stay prohibited any part of the proceedings in this case. As the Texas Supreme Court has explained, "any limitations the automatic stay may have imposed on these proceedings cannot simply be hypothesized by the court of appeals *sua sponte*." *Evans v. Unit 82 Joint Venture*, 377 S.W.3d 694, 695 (Tex. 2012) (per curiam). "The parties should have . . . an opportunity to develop a record to support their positions and seek a ruling from the trial court, even if it should turn out that only the bankruptcy court can finally decide the issue." *Id.*; *see Adeleye*, 488 S.W.3d at 500.

Given the foregoing, we grant appellant's motion to reinstate, and we withdraw our prior opinion and judgment. We further abate the appeal and remand the case to the trial court for a determination regarding whether an automatic bankruptcy stay barred any part

3

of the proceedings in this case. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine this issue. The trial court shall cause a reporter's record to be prepared regarding this hearing. The trial court shall further prepare and file its findings and orders and cause them to be included in a clerk's record. The reporter's record and clerk's record shall be filed with the Clerk of this Court within thirty days from the date of this order.

PER CURIAM

Delivered and filed on the
22nd day of September, 2022.