

## NUMBER 13-22-00043-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

## IN THE INTEREST OF J.H., C.H., J.H., AND N.H., CHILDREN

---

### On appeal from the 105th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellant Chris Holt, proceeding pro se, filed a notice of appeal regarding an order signed on January 25, 2022, requiring Holt to pay one-half of the attorney ad litem's fees in the underlying suit affecting the parent-child relationship. On September 28, 2022, this Court abated and remanded this matter to the trial court regarding whether a bankruptcy stay was in effect during the proceedings and whether the order at issue was appealable or had been amended. We have now received the trial court's response following the proceedings on remand. We have further received third and fourth supplemental clerk's

records that contain matters relevant to our inquiry.

First, based on the records provided, a bankruptcy stay does not bar any of the proceedings at issue in this post-divorce suit affecting the parent-child relationship because the suit does not concern any matters regarding the division of estate property. *See* 11 U.S.C.A. § 362(a)(1), (b); *Adeleye v. Driscal*, 488 S.W.3d 498, 499 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *In re Small*, 286 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

Second, the order subject to review here, which required appellant to pay one-half of the attorney ad litem's fees, was interlocutory and did not serve as a final judgment. The trial court stated that a pretrial order, such as the one before us in this appeal, "may be amended at any time." Further, the order was in fact amended by the trial court on October 12, 2022. The amended order provides that "Holt is exempt from paying any part of the attorney ad litem's fees, subject only to a change in his financial status as of the time of the entry of a Final Order in this cause that may require him to pay court costs, including his share of the [a]ttorney ad litem's fees."

Based on the foregoing, we conclude that we lack jurisdiction over this appeal. Assuming without deciding that the order was appealable as pertaining to an indigency finding, the appeal has been rendered moot by the trial court's amended order. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d

732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *see generally In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam). Accordingly, we reinstate this appeal, and we dismiss this appeal for lack of jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed on the
27th day of October, 2022.